THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCO SALINAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| POWER PLUS PERSONNEL | § | |
| SERVICES, INC., HOUSTON | § | COLLECTIVE ACTION |
| MEAT DISTRIBUTORS, INC., | § | |
| PAUL J. MARTINEZ AND SONIA | § | |
| R. MARTINEZ, INDIVIDUALLY, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1. Plaintiff Marco Salinas ("Salinas") was formerly employed by Defendants Power Plus Personnel Services, Inc. ("Power Plus"), Houston Meat Distributors, Inc. ("Houston Meat") and Paul J. Martinez a/k/a Jeff Martinez and Sonia R. Martinez, Individually (collectively "Defendants"). Power Plus, a temporary labor placement service in Texas and Houston Meat, a meat distribution company in Houston, jointly employed Plaintiff as a loader and a driver. Unfortunately, Defendants failed to pay overtime compensation to their employees, including Plaintiff. As a result, Plaintiff regularly worked overtime hours without overtime compensation.

2. Accordingly, Plaintiff seeks to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him and other similarly situated employees under the Fair Labor Standards

Act, 29 U.S.C. Section 216(b) (2010) ("FLSA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2010) and 28 U.S.C. Section 1331 (2010).

4. Plaintiff brings this complaint in the district in which he and the Defendants reside and where a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2010).

## THE PARTIES

5. Plaintiff is an individual residing in Houston, Harris County, Texas. Plaintiff was employed by the Defendants within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Plaintiff worked as a loader and a driver for workweeks of more than forty (40) hours per week. In performing his duties, Plaintiff engaged in commerce or in the production of goods for commerce. Plaintiff's Consent is attached hereto as Exhibit "A."

6. The "Members of the Class" are all current and former salaried employees of the Defendants assigned to work as loaders and/or drivers at various job sites as assigned in the Houston area during the three-year period preceding the filing of this complaint. Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in performing their duties for the Defendants. These similarly situated persons are referred to

as "Members of the Class" or "the Class."

7. Defendant Power Plus Personnel Services, Inc. is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class. Defendant may be served with process by serving its registered agent, Ken Hughes, First City Tower, 19th Floor, 1001 Fannin, Suite 19, Houston, Texas 77002.

8. Defendant Houston Meat Distributors, Inc. d/b/a Houston Meat Processors is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class. Defendant may be served with process by serving its registered agent, Paul J. Martinez, 4103 Cochran Street, Houston, Texas 77009.

9. Defendant Paul J. Martinez a/k/a Jeff Martinez ("Martinez") is an individual who, upon information and belief, is the President and director of Houston Meat Distributors, Inc. d/b/a Houston Meat Processors and is engaged in commerce or the production of goods for commerce. Martinez has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and is personally liable for the Defendants' violations of the FLSA. Martinez may be served with process at 4103 Cochran Street, Houston, Texas 77009.

10. Sonia R. Martinez ("Sonia Martinez") is an individual who, upon information and belief, is the Vice President and

director of Houston Meat Distributors, Inc. d/b/a Houston Meat Processors and is engaged in commerce or the production of goods for commerce. Sonia Martinez has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and is personally liable for the Defendants' violations of the FLSA. Sonia Martinez may be served with process at 4103 Cochran Street, Houston, Texas 77009.

## BACKGROUND

11. Power Plus contracts laborers in the Houston, Texas area. Houston Meat works in conjunction with Power Plus, employing Power Plus' employees/workers to assist Houston Meat in its meat distribution activities.

12. Plaintiff was paid a salary. Although he regularly worked more than forty (40) hours each workweek, he was not paid at one and one-half times his regular rate of pay for such overtime hours worked. Plaintiff was typically only paid for forty (40) hours per week regardless of the number of hours he worked.

13. Both Jeff Martinez and Sonia Martinez have a substantial financial interest in Houston Meat, and are directly involved in:

   a.  the hiring and firing of the Houston Meat's employees;

   b.  the day-to-day operations of Houston Meat as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Houston Meat's employees;

   c.  Houston Meat's finances; and

d.   Houston Meat's corporate decisions.

PLAINTIFF'S ALLEGATIONS

14.   At all times material to his employment, Plaintiff was entitled to be paid one and one-half times his regular rate for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2010). Accordingly, Defendants' practice of failing to pay Plaintiff overtime compensation was and is a clear violation of the FLSA.

15.   No exemption excuses Defendants from paying Plaintiff overtime rates for hours worked over forty (40) per workweek. Nor have Defendants made a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding overtime compensation with respect to Plaintiff.

COLLECTIVE ACTION ALLEGATIONS

16.   Other employees have been subjected to the Defendants' pay practices and policies which are in willful violation of the FLSA. Salaried employees in the Houston area had similar schedules and were paid in the same or a similar manner.

17.   The Members of the Class performed work which is similar in nature to that performed by Plaintiff, i.e., as loaders and drivers. Accordingly, these employees are similarly situated to Plaintiff in terms of their job duties.

18.  Further, each member of the class was paid according to the same payment scheme.  Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are, therefore, similarly situated in terms of pay provisions.

19.  The Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable policy and job requirements that do not depend on the personal circumstances of the Members of the Class.  This generally applicable policy is specifically prohibited by the FLSA.  Thus, Plaintiff's experiences are typical of the experiences of the Members of the Class.

20.  Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All current and former salaried employees employed as loaders and/or drivers, working in the Houston area during the three-year period preceding the filing of this complaint.

## CAUSES OF ACTION

21.  Plaintiff incorporates all allegations contained in paragraphs 1 through 20.

22.  The Defendants' practice of failing to pay Plaintiff and the Members of the Class for overtime hours worked at one and one-half times their regular rate was and is in violation of the FLSA.

23.  Accordingly, Plaintiff and the Members of the Class are entitled to unpaid overtime pay in an amount which is one and one-

half times their regular rates.

24. Additionally, Plaintiff and the Members of the Class are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

25. Finally, Plaintiff and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2010).

## PRAYER

WHEREFORE, Plaintiff requests that this Court award Plaintiff and the Members of the Class judgment against Defendants, Power Plus Personnel Services, Inc., Houston Meat Distributors, Inc. d/b/a Houston Meat Processors and Paul J. Martinez a/k/a Jeff Martinez and Sonia R. Martinez, jointly and severally, for the following:

- a. damages for the full amount of their unpaid overtime compensation;
- b. an amount equal to their unpaid overtime compensation as liquidated damages;
- c. reasonable attorneys' fees, costs and expenses of this action;
- d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and
- e. such other and further relief to which Plaintiff and the Class may be allowed by law.

Respectfully submitted,

*[signature: Doug Welmaker]*

Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

LAW OFFICE OF DOUGLAS B. WELMAKER
Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com